IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cr-30066-DWD |
| | ) |
| MARCUS L. WEEKFALL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge**:

Before the Court is Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 and Amendment 821. (Doc. 70). Consistent with Administrative Order 362, the Court directed the Federal Public Defender to enter an appearance to determine whether Defendant is eligible for relief. (Doc. 71). Assistant Federal Public Defender ("AFPD") Michael J. Mettes entered his appearance for Defendant before filing a Motion to Withdraw, asserting that there is no meritorious basis for Defendant to obtain relief under Amendment 821. (Doc. 75). In summary, AFPD Mettes explains that, although Amendment 821 reduces Defendant's total criminal history points by one point, his criminal history category does not change. Because Defendant remains in criminal history category V, his guideline range is not altered by Amendment 821. As such he is not eligible for relief.[1] The Court further notes that the United States Probation Office concurs

---

[1] At the time of sentencing, Defendant's total offense level was 15 and his criminal history category was V (12 total criminal history points), which provided for an advisory sentencing range of between 37- 46 months. (Doc. 69) Pursuant to U.S.S.G. §4A1.1(d), two criminal history points were added to the ten points the Defendant already

in this assessment. Defendant has not filed a Response to the Motion to Withdraw, despite the mailing of that Motion to Defendant and the Court's Orders. (Docs. 75 and 76).

The Court has reviewed the record and the applicable law. The Court finds that Defendant is not entitled to relief under Part A or Part B of Amendment 821. Accordingly, the Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582 and Amendment 821 is **DENIED**. The Motion to Withdraw is **GRANTED**. The Judgment dated November 29, 2023 remains in full force and effect. (Doc. 68).

**SO ORDERED**.

Dated: May 13, 2024

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

---

accrued because Defendant committed the instant offense while under a criminal justice sentence. The twelve total criminal history points placed Defendant in criminal history category V. (Doc. 54) The retroactive application of U.S.S.G. Amendment 821 reduced the two additional criminal history points imposed under U.S.S.G. §4A1.1(d) to one additional point resulting in a total of eleven criminal history points instead of twelve points. With eleven total criminal history points, Defendant remains in criminal history category V.