IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cr-30066-DWd |
| ) | |
| MARCUS L. WEEKFALL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge**:

Defendant was charged by a grand jury by way of superseding indictment on February 24, 2023, with one count of Interstate Extortion with a Threat to Injure, pursuant to 18 U.S.C. §875(c). (Doc. 31). Defendant pled guilty as charged, without an agreement, on June 1, 2023. (Doc. 50). On November 29, 2023, Defendant was sentenced to 60 months' imprisonment. (Doc. 68). Defendant did not file an appeal.

On March 4, 2024, Defendant filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 and Amendment 821. (Doc. 70). On May 13, 2024, the Court denied Defendant's Motion for Sentence Reduction, finding that he was not entitled to relief under Part A or Part B of Amendment 821. (Doc. 77). On June 10, 2024, Defendant filed a Motion pursuant to Rule 60(b)(6), arguing that his conviction is "unlawful" because: (1) the statute for which his 2009 Illinois conviction for Unlawful Possession with Intent to distribute a Controlled substance was broader than the Federal Controlled Substance Act, and (2) his 2009 Illinois conviction for Unlawful Possession with Intent to distribute a

Controlled Substance should not have counted under his criminal history calculation in the Pre-Sentence Report based on the age of the conviction.

On June 18, 2024, the Government responded to Defendant's motion. (Doc. 83). The Government contends that Defendant's arguments are within the scope of 28 U.S.C. § 2255. As such, the Government contends the Court should treat Defendant's Motion as a petition under § 2255 and inquire into whether Defendant wishes to proceed on that basis or have his motion dismissed. The Court agrees.

The Court finds that Defendant is seeking relief that he can only obtain through 28 U.S.C. § 2255. Therefore, Defendant's Motion can only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. A postconviction motion that is functionally, substantively, a motion under section 2255 should be treated as such, even if labeled differently. *Henderson v. United States,* 264 F.3d 709, 710 (7th Cir. 2001), citing *United States v. Evans*, 224 F.3d 670, 673 (7th Cir. 2000).

Accordingly, pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), this Court is now advising Defendant of this Court's intent to characterize the Motion as one under § 2255 and warns Defendant that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). This court further advises Defendant that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. *Castro,* 540 U.S. at 383; *see also Nolan v. United States*, 358 F.3d 480, 482 (7th Cir. 2004).

**IT IS THEREFORE ORDERED THAT**:

(1) The clerk of this court is directed to open a civil case and file Defendant's *pro se* Motion under Rule 60(b) (Doc. 81) as a Motion Pursuant to 28 U.S.C. § 2255.

(2) The clerk is further directed to file the instant order in the newly opened civil case.

(2) Defendant is hereby notified that his Motion will be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255. Defendant is allowed thirty (30) days from the date of this Order to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

(3) If Defendant does not withdraw or amend his Motion, the Government is allowed until August 1, 2024, to file its Response to Defendant's Motion in the newly opened civil case. If Defendant amends his Motion within 30 days, the Government is allowed 30 days from the date of the amended Motion to file its Response in the newly opened civil case.

(4) Defendant's reply, if any, shall be filed within fourteen (14) days from the date on which the Government's response is filed. The reply brief shall be no longer than seven (7) pages.

**SO ORDERED**.

Dated: June 20, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge